# In the United States District Court
# for the District of Utah, Central Division

| | |
|---|---|
| PAUL LIETZ,<br><br>Plaintiff,<br><br>vs.<br><br>MIKEL M. BOLEY ATTORNEY AT LAW;<br>MIKEL M. BOLEY, personally and in his<br>official capacity,<br><br>Defendant. | **ORDER**<br><br>Case No. 2:05 cv 523 JTG |

On June 22, 2005, plaintiff filed a Complaint with this court regarding his claim under 15 U.S.C. § 1692, et seq., the Fair Debt Collection Practices Act ("FDCPA"). On July 12, 2005, defendant filed a Motion to Dismiss and Memorandum in Support thereof. Plaintiff filed a Response to Defendant's Motion to Dismiss, and defendant in turn filed a Reply. The Court finds that oral argument would be of no material assistance to the Court, and that the decision can be rendered upon review of the file and records of this case. After due consideration, defendant's Motion to Dismiss is DENIED.

## FACTUAL BACKGROUND

In April 2004, plaintiff received a notice of an alleged debt from Citibank. On April 21, 2004, Plaintiff sent a "cease and desist" letter to Citibank. On May 12, 2004, plaintiff followed up with a dispute letter written to Citibank. Plaintiff never received verification of the debt from Citibank.

Sometime between May and June, plaintiff received a letter from OSI Collection

Services, Inc. ("OSI"), which stated that "unless you [plaintiff] dispute the validity of this debt, or any portion of it, within 30-days after receipt of this notice, OSI Collection Services, Inc. will assume the debt to be valid.  If you notify [OSI] in writing within the 30-day period that the debt . . . is disputed [OSI] will obtain verification of the debt or copy of the judgment against you and such . . . will be mailed to you by [OSI]."  On June 28, 2004, plaintiff executed another "cease and desist" and dispute letter which he addressed to OSI.  Plaintiff never received verification of the debt from OSI.

On October 4, 2004, defendant filed a Complaint and Summons, on behalf of Citibank, in the State of Utah Second District Court – Layton, Davis County.  These state court proceedings continued until February 4, 2005, when plaintiff gave notice of his pending bankruptcy and all proceedings were stayed.

Plaintiff now comes before this court to seek relief for violations of the FDCPA which occurred prior to plaintiff's bankruptcy.

## STANDARD OF REVIEW

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).  "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in light most favorable to the plaintiff."  *Id*.  "In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."  *Oxendine v. Kaplan,* 241 F.3d 1272, 1275

(10th Cir. 2001).  In addition the court "must liberally construe the allegations of a pro se

complaint." *Perkins,* 165 F.3d at 806 (*See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

"This rule means that if the court can reasonably read the pleadings to state a valid claim on

which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or

his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

ANALYSIS

The Tenth Circuit has set the following requirement as applicable to a Rule

12(b)(6) motion to dismiss:

> The court's function on a Rule 12(b)(6) motion is not to weigh potential
> evidence that the parties might present at trial, but to assess whether the
> plaintiff's complaint alone is sufficient to state a claim for which relief
> may be granted.

*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Plaintiff's four causes of action all relate to alleged violations by the defendant of

the FDCPA.  15 U.S.C. § 1692g(a) and (b) are the basis for plaintiff's claims.  These sections

state:

> (a) Notice of debt;  contents
>
> Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall, unless
> the following information is contained in the initial communication or the
> consumer has paid the debt, send the consumer a written notice
> containing--
>
>   **(1)** the amount of the debt;

3

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;  and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment*, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a) and (b) (emphasis added).

Plaintiff states that this statute was violated when defendant filed his complaint and summons in state court without providing any validation of debt in accordance with § 1692g(a) in the complaint and summons, or within five days thereafter.  Also, plaintiff alleges that after disputing debts with Citibank and OSI in his "cease and desist" and demand letters, no verification of the debt was provided as required under 15 U.S.C. § 1692g(b).

In the case at bar, in construing the facts in the light most favorable to the

4

plaintiff, the Court finds that plaintiff has stated a claim upon which relief can be granted.  From the above-referenced facts and statutes, it is apparent that defendant in representing Citibank and OSI did not follow the requirements of 15 U.S.C. § 1692g(a) and (b) in at least the following particulars: first, Citibank and OSI never verified the debt after plaintiff disputed the debt in his "cease and desist" and demand letters.  Due to the alleged fact that verification was never provided to plaintiff, under §1692g(b) the debt collector should have ceased collection of the debt, ". . . until the debt collector obtains verification of the debt or copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the [debtor] by the debt collector." Instead, after the debt collection process had already begun, defendant filed the pending complaint and summons in state court rather than providing the requisite verification of debt to plaintiff.  Also, even if the complaint and summons were relied upon as constituting the required initial communication with plaintiff, defendant still failed to provide the proper validation of debt as mandated by § 1692g(a).  Accordingly, without reference to the potential evidence that might be presented at trial, the Court finds that plaintiff has alleged sufficient facts to state a claim against defendant under the FDCPA in his complaint.

Based upon the foregoing, it is hereby

ORDERED, that defendant's Motion to Dismiss is DENIED.

DATED this 14th day of February, 2006.

_J. Thomas Greene_
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE